Filed 9/20/23; Certified for Publication 10/16/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSE LUIS SAAVEDRA,<br><br>     Defendant and Appellant. | G061556<br><br>(Super. Ct. No. 02CF1743)<br><br>O P I N I O N |

          Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

          Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

          Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

                    *          *          *

## INTRODUCTION

Defendant Jose Luis Saavedra appeals from an order denying his petition for resentencing pursuant to Penal Code former section 1170.95 (now Pen. Code, § 1172.6).[1] He contends he made a prima facie claim for relief and, therefore, the trial court erred by not issuing an order to show cause and conducting an evidentiary hearing. We affirm because, we conclude, the factual basis for Saavedra's guilty plea establishes as a matter of law that Saavedra is ineligible for relief.

## FACTS

In November 2002, Saavedra was charged with three counts of attempted deliberate premeditated murder, four counts of assault with a firearm, and one count of shooting at an occupied vehicle. An enhancement alleged he personally discharged a firearm causing great bodily injury. In May 2003, Saavedra entered a guilty plea. Saavedra offered this factual basis for his plea: "On June 23, 2002 in Orange County, I willfully, unlawfully and with malice aforethought attempted to murder [three] human beings, by personally discharging a firearm at the vehicle [they] were occupying, within the meaning of . . . Section 12022.53[ subdivision(c)]."

The trial court sentenced Saavedra to the upper term of nine years for each of the counts for attempted murder, with the terms to run concurrently, and a consecutive term of 20 years on the personal discharge of a firearm enhancement connected to count 1.

In early 2022, Saavedra filed his petition for resentencing under section 1172.6. The court appointed counsel to represent him. In response to the petition, the

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We shall use the current Penal Code section number throughout our opinion. All further statutory references are to the Penal Code.

district attorney submitted the plea form, the abstract of judgment, the transcript from the preliminary hearing, and the information.

The trial court conducted a hearing to determine whether to issue an order to show cause. After hearing argument from counsel, the court denied the petition without issuing an order to show cause. The court concluded Saavedra failed to make a prima facie showing of eligibility for relief: "The factual basis of the plea form is very specific. He is the actual shooter. And he specifically indicates that he attempted to murder three people and 'by,' is the key word, by personally discharging a firearm at them."

## DISCUSSION

The trial court denied Saavedra's resentencing petition on the ground Saavedra failed to make a prima facie case for resentencing relief. "'A denial at that stage is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Relief under section 1172.6 is restricted to those convicted of murder or attempted murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) Thus, Saavedra would be ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) he actually attempted to kill the victims, or (2) he did not actually attempt to kill the victims but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of attempted murder, (3) he was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) he acted with malice

3

aforethought that was not imputed based solely on participation in a crime. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Lewis* (2021) 11 Cal.5th at 952, 971 (*Lewis*).)

Because counsel was appointed, and the parties were given the opportunity for briefing, the trial court could rely on the record of conviction to determine whether Saavedra made a prima facie case for relief under section 1172.6. (*Lewis, supra*, 11 Cal.5th at p. 957.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

The plea form conclusively establishes as a matter of law that Saavedra is ineligible for resentencing under section 1172.6. As the factual basis for the plea, Saavedra admitted he "attempted to murder" the three victims "by personally discharging a firearm at the vehicle" in which the victims were riding. This factual basis establishes Saavedra was the actual shooter; that is, he actually attempted to murder the victims by shooting at their vehicle. As the trial court pointed out, in the factual basis for the plea Saavedra admitted he attempted to murder the victims *by means* of discharging a firearm into the car in which they were in.

The factual basis for the plea cannot reasonably be construed as imposing liability under the felony murder rule because Saavedra was the one who actually attempted to murder the victims by discharging a firearm. (§ 189, subd. (e)(1).) The factual basis for the plea cannot reasonably be construed as potentially imposing liability under the natural and probable consequences doctrine because it is a theory of vicarious liability, and Saavedra did not act vicariously. (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 231-232.)

Saavedra argues at length that an admission of acting with malice aforethought does render him ineligible for relief because malice can be express or implied. True. But it is the statement that Saavedra, with malice, attempted to murder

4

the victims by discharging a firearm into their car that renders him ineligible for relief as a matter of law.

Saavedra argues our analysis should be guided by *People v. Rivera, supra*, 62 Cal.App.5th 217. The defendant in *Rivera* pleaded no contest to second degree murder. (*Id*. at p. 223.) The Court of Appeal concluded the trial court erred by finding the defendant had not made a prima facie case for relief and reversed an order denying his petition for resentencing. (*Id*. at pp. 224.) But in doing so, the Court of Appeal emphasized that the defendant had made no admissions related to the murder other than pleading no contest to the murder count as charged. The court acknowledged that "[i]n some cases, the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6]." (*Id*. at p. 234.) Saavedra admitted more than the elements of the charged offenses.

Saavedra relies on *People v. Offley* (2020) 48 Cal.App.5th 588 (*Offley*). The defendant in *Offley* was one of five defendants charged with participating in a gang-related shooting that left one person dead and another seriously wounded. (*Id*. at p. 592.) The jury was instructed on the natural and probable consequences theory in cases of conspiracy. (*Id*. at p. 593.) The jury convicted the defendant of second degree murder and found to be true a sentencing enhancement allegation under section 12022.53, subdivision (d) that he "personally and intentionally discharged a firearm, proximately causing great bodily injury and death to the victim." (*Offley*, at p. 593.) The trial court summarily denied the defendant's petition for resentencing based on the true finding on the enhancement allegation. (*Id*. at p. 594.) The Court of Appeal concluded the trial court erred because a true finding on "an enhancement [allegation] under section 12022.53, subdivision (d) does not show that a defendant acted with malice aforethought." (*Id*. at p. 598.) The only state of mind required for a true finding under a

5

section 12022.53, subdivision (d) enhancement is that the defendant intended to discharge a firearm; no additional intent to achieve any particular consequence is required. (*Offley,* at p. 598.)

In *Offley,* the trial court instructed the jury on the natural and probable consequences doctrine, and the prosecutor argued the jury could convict the defendant on the basis of that instruction. (*Offley, supra*, 48 Cal.App.5th at p. 599.) As a consequence, the Court of Appeal could not exclude the possibility the jury believed that the defendant acted without intending to kill the victim or consciously disregarding that risk. (*Ibid*.) The court believed the jury might have concluded that the defendant had intended to take part in a conspiracy to commit assault with a firearm, or to fire into an occupied vehicle, with the aim of either injuring or merely frightening the victim and that the victim's death was the natural and probable consequence of the conspiracy. (*Ibid*.) Under that theory, the jury could have convicted the defendant of murder without finding beyond a reasonable doubt that he had acted with malice aforethought. (*Ibid*.)

Saavedra argues that here, as in *Offley*, his admission that he discharged a firearm into an occupied vehicle does not conclusively establish that he did so with actual malice or any particular mental state. That proposition is true. But there is a significant additional fact here that was not present in *Offley*: Saavedra admitted that, *with malice aforethought*, he discharged a firearm into the vehicle occupied by the victims *in an attempt to murder them*. Saavedra's admission in his guilty plea thus supplied the state of mind and criminal consequence missing from a bare true finding on a firearm discharge enhancement.

6

DISPOSITION

The postjudgment order denying the petition for resentencing is affirmed.


                                    SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

Filed 10/16/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G061556 |
|    v. | (Super. Ct. No. 02CF1743) |
| JOSE LUIS SAAVEDRA, | O R D E R |
|    Defendant and Appellant. | |

The Office of the District Attorney has requested that our opinion, filed on September 20, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

SANCHEZ, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.